**ZENG DONG, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting Attorney General, Respondent.**

No. 07–0840–ag.

United States Court of Appeals, Second Circuit.

Sept. 27, 2007.

Henry Zhang, Zhang & Associates, P.C., New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Aviva L. Poczter, Senior Litigation Counsel, Melissa S. Leibman, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner, Zeng Dong, a native and citizen of China, seeks review of a February 8, 2007 order of the BIA affirming the June 22, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dong,* No. A 97 133 096 (B.I.A. Feb. 8, 2007), *aff'g* No. A 97 133 096 (Immig. Ct. N.Y. City June 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 304–05 (2d Cir.2007).

Substantial evidence supports the IJ's adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang,* 386 F.3d at 73 & n. 7. As the BIA noted, while Dong testified that police "trashed [her] home" where she lived with her mother when they came to search for her, her mother failed to mention this event in a letter to the IJ. The omission of such an event may be sufficient to discredit an applicant's testimony where other valid factors support the credibility determination. *See, e.g., Surinder Singh v. BIA,* 438 F.3d 145, 148 (2d Cir.2006). Moreover, Dong's explanation for this discrepancy, that her mother might have written the letter before the event, is belied by her own testimony that it occurred while she was in hiding in China, well before her mother wrote the letter.

Additionally, although Dong testified that she had not obtained any proof that she attended church in New York, she had, in fact, submitted a letter from the lay minister of a church in New York claiming that she was a member. The IJ did not err in rejecting Dong's explanation that the letter related to a "family-style church meeting" and not a church because that explanation would not compel a reasonable factfinder to credit it. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Moreover, the agency's reliance on this discrepancy is further supported by Dong's inability to name the author of the letter.

The IJ identified an additional inconsistency regarding whether Dong was baptized on the same date as her brother. Since Dong claims to have left her native country in order to practice her religion without persecution, this inconsistency (forgetting a memorable circumstance associated with the rite of baptism) is substantial. In any event, even it were insubstantial, if it is taken together with the proper findings described above, it provided further support for the agency's adverse credibility determination. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) ("[E]ven where an IJ relies on

discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder." (internal citations omitted)). Because the only evidence that Dong's life or freedom would be threatened or that she was likely to be tortured depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum, withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

Although Dong asserted other bases for remand, we need not address them. The adverse credibility finding is dispositive in this case.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).